OBEDIAH HARRIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

On conviction of simple larceny for hog stealing, the punishment is confinement in the penitentiary, unless the jury recommend the defendant to mercy, in which event it *shall be* only fine or imprisonment in the common jail, or work in chain-gang, one or more; therefore, the the right of the jury to recommend to mercy is a most important right for the defendant, and the court should give it to the jury in charge, whether requested or not.

Criminal law.    Charge of Court.    Before Judge UNDERWOOD.    Walker Superior Court.    February Term, 1877.

Reported in the opinion.

W. F. HOVIS; D. C. SUTTON; J. C. CLEMENTS, by brief, for plaintiff in error.

C. T. CLEMENTS, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted for hog stealing, and was

found guilty.   A motion was made for a new trial, mainly on the ground that the court erred in not charging the jury that they had the right to recommend the defendant to the mercy of the court, and thus reduce his crime below felony and save him from the penitentiary.   No request was made to give this charge, and the question is, whether it enters so manifestly into the law of the case, and the right of the defendant so materially turns upon it that the court was bound to give it, whether asked for or not.

Section 4399 of the Code makes cattle stealing punishable with penitentiary imprisonment, unless the prisoner be recommended to mercy, in which event he *shall be punished* as prescribed in section 4310 of the Code.   Section 4310 makes his punishment only fine, imprisonment in jail, or work in chain-gang—any one or more of these punishments. Section 4401 makes hog stealing punishable as prescribed in section 4310; but the act of 1875, page 26, puts hog stealing on the same footing with cattle stealing; and therefore the offense is a penitentiary offense, unless the jury recommend to mercy; then the defendant *shall be punished* as prescribed in section 4310.   So it is clear that it is for the jury not only to pass upon the guilt of the accused, but to fix the punishment, to grade the offense, to determine whether it be felony or misdemeanor.   This is an important right of the accused, to have his offense graded and the penalty of the law fixed by the jury.   The statute gives him the right, but the court below took it from him by not telling the jury that the law gave it to him, and that they must pass upon his guilt, the nature and extent of it, so as to send him to the penitentiary, or to jail, or chain-gain, or perhaps to subject him only to a fine.   It seems just as necessary to give the charge in such a case, as in the case of homicide to give its various grades.   We think that the court erred in overruling the motion for a new trial on this ground.

If there be other minor errors, the court will correct them when the case is tried again; there seems to be none of consequence disclosed in the record.

Judgment reversed.